```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARK PHIPPS,

                    Plaintiff,          ORDER
                                        11-CV-3717(JS)(ARL)
        -against-

VINCENT DEMARCO, SHERIFF OF
SUFFOLK COUNTY, JOHN DOE,
SUPERINTENDENT OF SUFFOLK COUNTY,

                    Defendants.
----------------------------------X
APPEARANCES:

For Plaintiff:      Mark Phipps, Pro Se
                    090485
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, New York 11901

For Defendants:     No Appearances
```

SEYBERT, District Judge:

On July 27, 2011 incarcerated pro se plaintiff Mark Phipps ("Plaintiff") filed his Complaint alleging violation of his civil rights pursuant to 42 U.S.C. § 1983 accompanied by an application to proceed in forma pauperis. Upon review of Plaintiff's declaration in support of the application, the Court finds that Plaintiff's financial status qualifies him to file this action without prepayment of the filing fee. Accordingly, the application to proceed in forma pauperis is granted. However, for the reasons that follow, the Complaint is sua sponte dismissed without prejudice and with leave to file an Amended Complaint within thirty (30) days as detailed below.

BACKGROUND

Plaintiff's brief handwritten Complaint submitted on the Court's civil rights complaint form alleges a single paragraph:

> On the above date, May 29, 2011, I am currently residing in a Suffolk County Correctional Facility in Riverhead, N.Y. For the past few months I been [sic] housed on 4 East North. The Shower area in this housing unit has black mole [sic] and rust. In addition the [sic] bacteria in mole [sic] may be causing me to have headache.

(Compl. at ¶ IV). As a result, Plaintiff claims to have "unknown rashes" for which he is "being treated." (Id. at ¶ IV.A). Accordingly, Plaintiff seeks unspecified "injunctive relief and money compensation and punitive damages for pain and suffering." (Id. at ¶ V).

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is granted.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous

or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B) (i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See Id.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir.2004). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, ___U.S.___, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1955). If a

liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). Upon a liberal construction, it appears that Plaintiff seeks to allege a deliberate indifference claim challenging the conditions of his confinement and adequacy of medical treatment. However, Plaintiff

4

does not cite to a particular section of the constitution nor does he allege whether he is pre- or post-conviction. Although the Eighth Amendment does not technically apply to pretrial detainees in the context of a deliberate indifference claim, the standard of review for a Fourteenth Amendment Due Process claim for a pretrial detainee is the same as that for an Eighth Amendment claim in the case of a convicted prisoner. Caiozzo v. Koreman, 581 F.3d 631, 72 (2d Cir. 2009).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishment," U.S. CONST. Amend. VIII, and, the Fourteenth Amendment's Due Process clause makes it applicable to the states. Trammell v. Keane, 338 F.3d 155, 161 (2d Cir. 2003) (citing Robinson v. Cal., 370 U.S. 660, 666–67, 82 S. Ct. 1417, 8 L. Ed. 2d 758 (1962)). Although it is clear that the Eighth Amendment "'does not mandate comfortable prisons,'" it does not permit inhumane treatment of those in custody. Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001) (citing Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) and Rhodes v. Chapman, 452 U.S. 337, 349, 101 S. Ct. 2392, 2400, 69 L. Ed. 2d 59 (1981)).

Claims of poor confinement conditions can be the basis for an Eighth Amendment claim, if such conditions result "'in unquestioned and serious deprivations of basic human needs'" Anderson v. Coughlin, 757 F.2d 33, 35 (2d Cir. 1985) (quoting

Rhodes, 452 U.S. at 347, 101 S. Ct. at 2399). But, like other Eighth Amendment claims, Plaintiff must also plead facts reflecting that such conditions were imposed with "deliberate indifference." Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 2323, 115 L. Ed. 2d 271 (1991).

Here, Plaintiff alleges only that the shower area of the Suffolk County Correctional Facility contains mold and rust which "may be" causing him to experience headaches. (Compl. at ¶ IV.). Even if the Court construed the allegations in the Complaint as rising to the level of a serious deprivation of human need, see Anderson, 757 F.2d at 35, Plaintiff has not alleged that these conditions were imposed with the requisite deliberate indifference. Moreover, insofar as Plaintiff attempts to allege a claim of deliberate indifference to his serious medical needs, such claim is not plausible given Plaintiff's concession that he is receiving medical treatment. (Compl. at ¶ IV.A); See Wesolowski v. Kamas, 409 F. App'x 476, 477 (2d Cir. 2011) ("A prison official acts with deliberate indifference when he 'knows of and disregards an excessive risk to inmate health or safety.'") (quoting Farmer, 511 U.S. at 837, 114 S. Ct. at 1970). Accordingly, Plaintiff's Complaint fails to allege a plausible deliberate indifference claim and, for the reasons set forth above, his Complaint is dismissed.

However, because a district court should not dismiss a pro se complaint without granting leave to amend at least once

"when a liberal reading of the complaint gives any indication that a valid claim might be stated," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), Plaintiff is granted leave to amend his Complaint. Plaintiff is warned that his Complaint will be dismissed with prejudice unless he files an Amended Complaint **within thirty (30) days of the date that this Order is served with notice of entry upon him.**

## CONCLUSION

For the reasons set forth above, the Complaint is sua sponte dismissed unless the Plaintiff files an Amended Complaint **within thirty (30) days of the date that this Order is served with notice of entry upon him.** The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  19 , 2011
       Central Islip, New York